**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

SUSAN SMITH,
125 Sandridge Court
Alpharetta, Georgia 30022

Plaintiff,

v.

HITT CONTRACTING INC.,
2900 Fairview Park Drive
Falls Church, Virginia 22042

Defendant.

Civil Action No. ____________________

**NOTICE OF REMOVAL**

Defendant HITT Contracting Inc., ("HITT") by counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files this Notice of Removal of a civil action from the Circuit Court of Fairfax County, Virginia and in support, states the following grounds for removal:

## I. THE STATE COURT ACTION

1. On or about July 6, 2026, Plaintiff Susan Smith ("Plaintiff") filed a Complaint against HITT in the Circuit Court of Fairfax County (Case No. CL-2026-0010919). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, documents, and orders of which HITT is aware are attached as **Exhibit 1**.

2. In the Complaint, Plaintiff asserts the following claims: Count I – Retaliation in violation of Virginia Code § 40.1-27.3; Count II – Retaliation in violation of Virginia Code § 40.1-27.3 and New York Labor Law § 740; Count III – Retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h); Count IV – Wrongful Discharge in violation of Georgia Public Policy; and Count V – Defamation Per Se.

3. HITT submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

## II. BASES FOR REMOVAL

### A. Federal Question Jurisdiction under 28 U.S.C. § 1331

4. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution laws, or treaties of the United States."

5. Count III of Plaintiff's Complaint asserts a claim for retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h). The claim arises under a federal statute and presents a federal question within the meaning of 28 U.S.C. § 1331. Claims brought under the False Claims Act are federal causes of action over which the district courts of the United States have original jurisdiction. *United States v. Unified Indus.*, 929 F. Supp. 947, 949 (E.D. Va. 1996).

6. As this Court has original jurisdiction over Plaintiff's claim arising under the False Claims Act, removal of this case is proper under 28 U.S.C. § 1441(a), which provides in part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

### B. Supplemental Jurisdiction under 28 U.S.C. § 1367

7. This Court has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. Plaintiff's state law claims arise from the same nucleus of operative facts as Plaintiff's federal False Claims Act, namely Plaintiff's employment with Defendant and the circumstances of the alleged adverse employment actions, in particular her termination from employment and the events she contends motivated HITT. These claims, therefore, form part of the same case or controversy and are within this Court's supplemental jurisdiction.

**C. Diversity of Citizenship Jurisdiction under 28 U.S.C. § 1332**

9. This Court also has original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff is a citizen of the State of Georgia, residing at 125 Sandridge Court, Alpharetta, Georgia 30022. Ex. 1, Compl. ¶ 4, p. 14.

11. HITT is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Falls Church, Virginia. Accordingly, HITT is a citizen of Virginia. Plaintiff acknowledges HITT's citizenship and that the parties are diverse for purposes of 28 U.S.C. § 1332(a). Ex. 1, Compl. ¶¶ 1, 4.

12. Complete diversity of citizenship exists between the parties.

13. Plaintiff's Complaint pleads damages in excess of $75,000, exclusive of interest and costs. Ex. 1, Compl. ¶ 1. The amount in controversy, therefore, exceeds $75,000, exclusive of interest and costs.

## III. TIMELINESS, PROCEDURAL REQUIREMENTS, AND VENUE

14. This Notice of Removal is timely filed. On July 28, 2026, Plaintiff served HITT with a copy of the Complaint. A true and correct copy of the Notice of Service of Process is attached as **Exhibit 2**. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this

Court within thirty (30) days after receipt by Defendant of the initial pleading, and before any proceedings were had concerning the Complaint in the Circuit Court of Fairfax County.

15. No other defendant has been named in this action. Accordingly, no consent from other defendants is required under 28 U.S.C. § 1446(b)(2)(A).

16. HITT has not served any answer or responsive pleading to Plaintiff's Complaint, nor made any other appearance or argument before the Circuit Court of Fairfax County in this matter.

17. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). The Circuit Court of Fairfax County is located within this District and cases arising in the Eastern District of Virginia are properly assigned to this Court.

18. Contemporaneously with this filing, HITT is also filing a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Fairfax County as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 3**. Promptly upon this filing, Defendants are giving written notice of the removal of this action to Plaintiff by serving her as further required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the Eastern District of Virginia.

Dated: August 18, 2026

Respectfully Submitted,

*/s/ Joseph E. Schuler*

Joseph E. Schuler (VSB No. 73997)
Christian A. Yingling (VSB No. 91243)
Jackson Lewis P.C.
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
Tel: (703) 483-8300
Fax: (703) 483-8301
E-mail: Joseph.Schuler@jacksonlewis.com
Christian.Yingling@jacksonlewis.com

*Counsel for Defendant HITT Contracting Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 18, 2026, a true and accurate copy of Defendant's *Notice of Removal* was electronically filed with the Clerk's Office using this Court's CM/ECF system and served by email and U.S. mail, postage prepaid, upon the following:

Susan Smith
125 Sandridge Court
Alpharetta, Georgia 30022
Susan@BeaconRiskSolutionsGroup.com

*Plaintiff Pro Se*

*/s/ Joseph E. Schuler*
Joseph E. Schuler